## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
#### Richmond Division

TITANIA SMITH,

      Plaintiff,

v.                                           Civil Action No. 3:12cv77

COMMONWEALTH OF VIRGINIA
DEPARTMENT OF AGRICULTURE
& CONSUMER SERVICES,

      Defendant.

### MEMORANDUM OPINION

Before the Court is Plaintiff Titania Smith's Motion for Extension of Time to File Notice of Appeal. (Docket No. 29.) Smith, proceeding *pro se* and *in forma pauperis*, requests an extension of time to appeal the Court's June 25, 2012 Memorandum Opinion and Order. For the reasons that follow, the Court will DENY Smith's Motion for Extension of Time to File Notice of Appeal. Further, because Smith has not sought leave to amend her complaint in a timely and proper fashion, the Court will DISMISS this action.

### I. Procedural History

On February 28, 2012, Smith filed a Complaint against Defendant the Commonwealth of Virginia Department of Agriculture and Consumer Services (hereinafter the "Department"). On March 26, 2012, the Department filed a Motion to Dismiss Plaintiff's Complaint.

On April 18, 2012, the parties consented to the jurisdiction of a magistrate judge and met to schedule an initial pretrial conference. Smith appeared *pro se* and indicated she desired to retain counsel. To accommodate Smith's request, the Court delayed scheduling the initial pretrial conference for a month. In an effort to keep the case moving forward, the Court issued

an order dated May 18, 2012 scheduling the matter for an initial pretrial conference at 10:00 a.m. on May 30, 2012. The Court advised Smith that if she had retained counsel, counsel must make a notice of appearance and attend the initial pretrial conference, and that if she had not yet retained counsel, she must appear *pro se* at the initial pretrial conference.

Smith failed to attend the May 30, 2012 initial pretrial conference, and no attorney appeared on her behalf. Counsel for Defendant, however, provided the Court with a letter from Smith dated May 22, 2012, which he had received via facsimile on May 25, 2012. On the afternoon of May 30, 2012, the Clerk's Office received a copy of the same letter and filed it as Smith's Motion to Continue. (Docket No. 21.) In her letter, Smith indicated she had relocated from Virginia to Michigan and requested to continue the hearing until June 13, 2012 or June 25, 2012, both dates on which she intended to return to Richmond.

Because the Court received the motion after it had already held the initial pretrial conference, the Court denied it as moot. However, in recognition of Smith's *pro se* status and in order to "secure the just, speedy, and inexpensive determination" of this action, the Court accommodated Smith's schedule and entered a June 1, 2012 Order, scheduling the matter for a hearing on the pending Motion to Dismiss at 10:00 a.m. on June 25, 2012. (Fed. R. Civ. P. 1.) The Court admonished Smith that she risked dismissal for failure to prosecute if she failed to appear, *pro se* or through counsel, at the June 25, 2012 motion hearing.

Smith failed to appear at the motion hearing on June 25, 2012. The Court received a call just twenty-five minutes prior to the hearing, and the speaker indicated that Smith would be unable to attend the hearing due to medical reasons. The Court declined to reschedule oral argument, determining that the written materials before the Court adequately presented the facts and legal contentions and that argument would not aid the decisional process.

On June 25, 2012, the Court issued a Memorandum Opinion and Order dismissing some of Smith's claims with prejudice and dismissing others without prejudice. The Court directed Smith to file an appropriate motion, attaching any proposed amended complaint, within fourteen days if she desired to amend her complaint. The Court warned Smith that, if she failed to seek leave to amend in a timely and proper manner, her action would be dismissed with prejudice. More than fourteen days have passed, and Smith has yet to seek leave to amend her complaint. Instead, on July 30, 2012, Smith filed her Motion for Extension of Time to File Notice of Appeal, requesting an extension of time to appeal the Court's June 25, 2012 Memorandum Opinion and Order.

## II.  Analysis

The Court's June 25, 2012 Memorandum Opinion and Order did not constitute a final appealable order. *See, e.g., Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1066-67 (4th Cir. 1993). Indeed, instead of dismissing the action, the Court gave Smith the opportunity to seek leave to amend her complaint. Because the June 25, 2012 Memorandum Opinion and Order did not constitute an appealable order, the Court will DENY Smith's Motion for Extension of Time to File Notice of Appeal.[1]

Although the Court gave Smith the opportunity to seek leave to amend her complaint, Smith has yet to seek leave to amend, has failed to proffer any proposed amended complaint, and has not requested an extension of time in which to seek leave to amend.[2] While the Court

---

[1] The Court notes that Smith will have the right to appeal the Order accompanying this Memorandum Opinion.

[2] If Smith wishes to amend her complaint subsequent to the entry of this Memorandum Opinion, she must file a proper motion within twenty-eight days from the date of entry hereof, comply with the dictates of Federal Rules of Civil Procedure 59(e) and 15(a), and attach her proposed amended complaint. *See Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006).

3

warned Smith that a failure to do so would result in dismissal with prejudice, the Court finds that dismissal without prejudice is the appropriate action in this case.[3] Smith chose to file her lawsuit in this Court, but has continuously failed to prosecute in accordance with the rules and orders of this Court. Due to personal issues and numerous changes in residency, she has demonstrated a repeated inability to avail herself of this Court's schedule. Despite numerous warnings that all communications must be made in writing, filed with the Clerk's office by mail or in person, and properly served on the opposing party, Smith has repeatedly and improperly made informal requests and inquiries of the Court via facsimile or telephone. The Court's role as a neutral arbitrator precludes it from engaging in or receiving informal, single-party communications.

Although Smith's *pro se* status makes her "entitled to some deference," it does not relieve her of her duty to abide by the rules and orders of this Court. *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989). Given her poverty and *pro se* status, the Court has limited options to ensure that she abides by its rules and orders. Because her current complaint fails to state a claim for relief, and because she has failed to avail herself of the opportunity to seek leave to amend, the Court will DISMISS this action WITHOUT PREJUDICE. *Cf. Ballard*, 882 F.2d at 95; Fed. R. Civ. P. 41(b).[4]

---

[3] The claims previously dismissed with prejudice shall remain dismissed with prejudice because the deficiencies in those claims would be incurable through amendment.

[4] In her Motion for Extension of Time to File Notice of Appeal, Smith requests a hearing date of August 17, 2012 if a future court date is scheduled. Smith fails to identify the topic on which she would like to be heard. Regardless, because the Court dismisses the action, Smith's request for a hearing will be DENIED AS MOOT.

A document attached to Smith's motion also seeks copies of transcripts from the Department. To the extent this could be construed as a discovery motion, it is improper. Discovery should initially be conducted between the parties in accordance with the Federal Rules of Civil Procedure, and any discovery motions must certify "that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery

### III.  Conclusion

For the foregoing reasons, the Court will DENY Smith's Motion for Extension of Time

to File Notice of Appeal, DENY AS MOOT any motion for hearing or motion for discovery, and

DISMISS WITHOUT PREJUDICE this action.

Any future filings must comply with the dictates of the Federal Rules of Civil Procedure

and the Local Rules of this Court.  A request for a court order must be made by motion and filed

with the Clerk's Office. Fed. R. Civ. P. 7(b).  Any motion must be in writing, include an

appropriate caption, state with particularity the grounds for seeking the order and the relief

sought, and include a signature. Fed. R. Civ. P. 7(b), 10(a), 11(a).  Motions must "be

accompanied by a written brief setting forth a concise statement of the facts and supporting

reasons, along with a citation of the authorities upon which the movant relies." E.D. Va. Loc.

Civ. R. 7(F)(1).  The format of any brief must comply with this Court's Local Rules.  *See* E.D.

Va. Loc. Civ. R. 7(F)(3) (establishing requirements for font, formatting, and page length).

Finally, motions and briefs must contain a proper Certificate of Service, certifying that Smith

mailed the motion and/or brief to opposing counsel or otherwise met the requirements of Federal

Rule of Civil Procedure 5.  The Court warns Smith that it will not consider future documents that

fail to comply with the federal and local rules.

An appropriate Order shall issue.

_____ /s/

M. Hannah Lauck

United States Magistrate Judge

Richmond, Virginia
Date: 8-3-12

---

in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).  Smith has not included
such certification and has not indicated whether she has served discovery requests on the
Department. Regardless, because the Court dismisses the action, the request for discovery will
be DENIED AS MOOT.